In the Matter of **AMERICAN TRADING AND SHIPPING, INC., Debtor.**

**TRICONTINENT SHIPPING AND TERMINAL SERVICES, INC., a Louisiana corporation, Plaintiff,**

v.

**William SEIDLE, as Trustee in Bankruptcy for American Trading and Shipping, Inc., and American Trading & Shipping, Inc., Defendants.**

**William SEIDLE, Trustee, Plaintiff,**

v.

**MAYNARD BONDING AND INSURANCE AGENCY, INC., Tricontinent Shipping and Terminal Services, Inc., and the American Druggists' Insurance Company, Defendants.**

**Bankruptcy No. 81–01485–BKC–JAG. Adv. Nos. 81–0589–BKC–JAG–A, 81–0608–BKC–JAG–A.**

United States Bankruptcy Court, S.D. Florida.

Aug. 5, 1982.

Francis L. Carter, Miami, Fla., for Tricontinent Shipping Terminal Services, Inc.

Debra E. Cohen, Miami, Fla., for Maynard Bonding and Ins. Agency and The American Druggists' Ins. Co.

Todd DerOvanesian, Miami, Fla., for trustee, William Seidel.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOSEPH A. GASSEN, Bankruptcy Judge.

These two consolidated adversary proceedings have come before this court on cross motions for summary judgment filed by the respective plaintiffs. The undisputed facts, the procedural history of these adversary proceedings and certain other relevant matters are set forth in the following Stipulation of Facts Re: Cross Motions for Summary Judgments filed by the parties:

## STIPULATION OF FACTS

### RE: CROSS MOTIONS FOR SUMMARY JUDGMENTS

Tricontinent Shipping and Terminal Services, Inc. ("Tricon") and William D. Seidle, as Trustee ("the Trustee") for American Trading and Shipping, Inc. ("the Debtor"), join in filing this Stipulation of Facts as a basis for their respective Cross Motions for Summary Judgment filed concurrently herewith.

### INTERESTS OF THE PARTIES

Of the five parties to these consolidated Adversary Proceedings, only Tricon and the Trustee have a real interest in this cause. The Debtor has disclaimed an interest and has been dismissed as a party. Maynard Bonding and Insurance Agency, Inc. ("Maynard"), as Agent for American Druggists Insurance Company ("American Druggists"), is in possession of a $30,000.00 cash deposit which serves as collateral for a surety bond in the same amount filed by American Druggists in the United States District Court for the Southern District of Texas. Maynard and American Druggists have filed a Counter-Claim for Interpleader praying that this Court determine whether Tricon or the Trustee is entitled to the $30,000.00 deposit held by Maynard.

### STATEMENT OF FACTS

Prior to the instant Chapter 7 proceedings in this Court, the Debtor was the Charterer or Operator of a merchant vessel known as M/V Delme ("the Vessel") under a time charter from the Vessel's owner, Lorelei Shipping, S.A. Tricon, a Louisiana corporation having its principal place of business in New Orleans, acted as maritime agent for the Debtor in various domestic ports on the Gulf of Mexico. A written contract between the parties specified that Tricon, as agent, would, *inter alia,* purchase goods and services for the account of the Debtor, pay for those goods and services, and forward invoices to the Debtor. In return, Tricon was to receive reimbursement for monies advanced together with an agent's commission.

Prior to these bankruptcy proceedings, Tricon sent the Debtor invoices evidencing the Debt. When timely payment of these invoices was not forthcoming, on or about May 21, 1981, Tricon filed in the United States District Court for the Southern District of Texas, Houston Division, its Original Complaint, asserting, *inter alia,* its maritime lien claims against the Vessel, thereby commencing a civil action styled *Tricontinent Shipping and Terminal Services, Inc., and United States Stevadores, Inc., Plaintiffs vs. M/V Delme, her engines, tackle, apparel, etc., in rem and American Trading and Shipping, Inc., her owner, manager, Charterers and/or operators, in personam, Defendants,* C.A. No. H–81–1306 ("the Civil Action"). After filing the Civil Action, Tricon caused the United States Marshal for the Southern District of Texas to seize the Vessel in the port of Houston, Texas.

To obtain the release of the Vessel, on May 22, 1981, Lorelei Shipping, S.A., owner of the Vessel, and American Druggists, as surety, filed in the Civil Action a Stipulation to Abide Decree secured by a surety bond issued by American Druggists in the penal sum of $30,000.00 ("the Surety Bond"). The Debtor fully collateralized the Surety Bond by delivering a cashier's check in the amount of $30,000.00 on May 22, 1981 to Maynard as local agent for American Druggists. Maynard is still in possession of the $30,000.00.

On or about July 28, 1981, at a time after the Surety Bond had been filed in the Civil Action and before the instant Chapter 7 proceedings were filed in this Court, the Debtor and Tricon entered into a Letter Agreement ("Settlement Agreement") to settle the Civil Action and instructed their respective counsel in Houston to file a Stipulation in the Civil Action to that effect. Under the terms of the Settlement Agreement, the entire

$30,000.00 penal amount of the Surety Bond was to have been paid to Tricon. Before any such stipulation was filed in the Civil Action, however, these Chapter 7 proceedings were filed on September 15, 1981, thereby staying further proceedings against the Debtor in the Civil Action.

The only factual issue to which the parties cannot stipulate is the issue whether the Debtor was "solvent" on May 22, 1981—the date the Surety Bond was posted. As to this issue, the parties stipulate that the Court may decide said issue of solvency based on the depositions of Paul Vedell on January 22, 1982 and Dennis Brennan on February 23, 1982, and exhibits thereto, and the other matters which appear of record in the Court file.

## RELIEF SOUGHT BY THE PARTIES

The Trustee has filed Adversary No. 81–0608 naming as Defendants, Tricon, Maynard and American Druggists. The Trustee's suit seeks to recover the $30,-000.00 held by Maynard as a preference voidable by the Trustee under 11 U.S.C., Sec. 547(b); or in the alternative, to avoid the transfer to Maynard as a fraudulent transfer under 11 U.S.C., Sec. 548(b), or in the alternative, to recover the $30,-000.00 as property of the estate under 11 U.S.C., Sec. 542(a).

The parties stipulate that in the event the Trustee is unsuccessful in recovering the $30,000.00 held by Maynard under any of the theories set forth in the Second Amended Complaint, the Trustee shall release and waive any claim to the $30,000.00. The parties further stipulate in such event that Maynard shall pay to Tricon the sum of $29,480.70, and to the Trustee the sum of $519.30, and Maynard and American Druggists shall be discharged from any further obligation under the Surety Bond.

Tricon filed Adversary No. 81–0589 seeking relief from stay in order that it might proceed against the Surety Bond in the Civil Action. In the alternative, Tricon prayed that this Court abstain from jurisdiction over the Surety Bond and the issues joined in the Civil Action, in accordance with 11[28] U.S.C., Sec. 1471(d). Based on the matters stipulated in the preceding paragraph, Tricon's complaint is now moot.

### ISSUE PRESENTED

The issue presented on the Cross-Motions for Summary Judgment is whether the $30,000.00 paid to Maynard by the Debtor is recoverable by the Trustee as a:

 (a) voidable preference under 11 U.S.C., Sec. 547(b); or

 (b) fraudulent transfer under 11 U.S.C., Sec. 548; or

 (c) property of the Estate under 11 U.S.C., Sec. 542(a).

The parties having so stipulated, this Court adopts the foregoing stipulation as its findings of fact in this cause. Hereafter, in referring to the parties and the facts as they pertain to the legal issues discussed below, the court will use the same terminology adopted by the parties.

 The first theory of recovery advanced by the Trustee is voidable preference under 11 U.S.C. § 547(b). This theory must fail, however, because the transfer of the $30,000 by the Debtor to Maynard, although made to secure an antecedent debt, took place more than 90 days before the Debtor filed its voluntary petition. The transfer was completed on May 22, 1981 when the Debtor gave a check in that amount to Maynard, as agent for American Druggists, to secure the surety bond issued by American Druggists. For this purpose, a transfer of property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee. 11 U.S.C. § 547(e)(1)(B). The Trustee cites no authority by which such a hypothetical creditor could defeat Maynard's perfected possessory lien obtained on May 22, 1981. *See Fla.Stat.* 679.304(1). The Court must thus reject the Trustee's contention that the Settlement Agreement was a device used to transfer monies to Tricon.

Rather, the Settlement Agreement was merely an executory contract, which has now been superseded and rendered moot by the stipulation of the parties quoted above, which provides for the disposition of the $30,000 in the event the Trustee does not prevail.

The transfer of the $30,000 to a non-insider having occurred on the 116th day immediately preceding the filing of a bankruptcy petition, falls outside the 90 day period prescribed by 11 U.S.C. § 547(b)(4) and as a matter of law is not a preference. This result must have been contemplated by Congress when it enacted that provision of the Bankruptcy Code which expressly reduced the preference period from 4 months [*See* former 11 U.S.C. § 96(a)(1) ] to 90 days.

■ Although the Trustee is not here claiming actual fraud, his next theory of recovery is that the $30,000 transfer was one avoidable under the technical fraud provisions set forth in 11 U.S.C. § 548(a)(2). To recover under this theory, the Trustee must show, *inter alia,* that the Debtor received less than a reasonably equivalent value as consideration for the $30,000 transferred to Maynard.

Maynard, as agent for American Druggists gave reasonably equivalent value for the $30,000. American Druggists obligated itself to a third party, Tricon, for the benefit of American Druggists in the same amount. As a matter of law, Tricon also gave reasonably equivalent value, for value is expressly defined in the code to include "satisfaction or securing of a present or antecedent debt of the Debtor". 11 U.S.C. § 548(d)(2)(A). *See In Re Big H & Sons Building Supplies Inc.,* Memorandum Decision, Adv. No. 81–0604–BKC–TCB–A (U.S. B.C., S.D.Fla., January 4, 1982).

The securing of the antecedent debt, however, was not the only consideration flowing to the Debtor from Tricon. The Debtor had to obtain the Surety Bond to file in the civil action because Tricon had perfected. its maritime lien by having the marshal seize the Vessel. The bond, filed to obtain the release of the Vessel, stands in place of the Vessel as security for whatever rights the maritime lien claimant had against the Vessel. *See,* 2 Benedict on Admiralty, *Discharge of Liens,* § 63 (7th Ed. 1981), *citing The Palmyra,* 25 U.S. (12 Wheat) 1, 6 L.Ed. 531; *United States v. Ames,* 99 U.S. 35, 25 L.Ed. 295 (1878); *The Haytian Republic,* 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894); *The Oregon,* 158 U.S. 186, 15 S.Ct. 804, 39 L.Ed. 943; *The Vigilant,* 175 F. 226 (N.D.N.Y.1909). With respect to a lien in suit the effect of release is to transfer the lien from the ship to the fund represented by the bond or stipulation. Gilmore & Black, *Admiralty,* § 989 at 799 (2d Ed.1975). Had the Surety Bond not been filed, Tricon's claim would have been secured by the Vessel, rather than by the bond. Although the Debtor did not own the Vessel, it operated the Vessel under a time charter for which it paid a rental of $1550 per day, so it is clear that the Debtor had a substantial interest in the Vessel as lessee.

The Debtor having obtained reasonable equivalent value for the transfer of the $30,000, the transfer is not a fraudulent transfer avoidable by the Trustee under § 548 of the Code. Accordingly, this court need not reach the issue whether the Debtor was solvent on May 22, 1981, the date of the transfer. On the deposition evidence presented on that issue, however, suffice it to say there is no convincing proof that the Debtor was insolvent on May 22, 1981.

■ The last claim for recovery advanced by the Trustee is that the $30,000 held by Maynard is property of the estate within the meaning of § 541 of the Code, hence recoverable under § 542(a). This contention too must fail. Section 542 of the Code speaks only to the Trustee's right to obtain possession of property and is in no way dispositive of any ultimate rights of parties claiming an interest in such property. Here Maynard, as agent for American Druggists, has a fully perfected possessory lien in the $30,000 pledged to secure the Surety Bond. The Surety Bond in turn stands as substitute security for the maritime lien which Tricon perfected by causing

the Marshal to seize the Vessel in the Civil Action. Either lien encumbers the full amount of the $30,000. As Collier notes,

> Where there is a valid pledge the pledgor's estate succeeds to his power of redemption, but since the estate has no present possessory interest, turnover will not lie under § 542 and the estate is entitled to restoration of the pledged property or its proceeds only upon payment of the Debtor or performance of the engagement. 4 Collier on Bankruptcy ¶ 541.08(9) (15th Ed.1981) (footnotes omitted).

Although the $30,000 pledged to Maynard is property of the Debtor's estate, it need not be turned over because, being fully encumbered, it is of inconsequential value or benefit to the Debtor's estate. 11 U.S.C. § 542(a).

Accordingly, the Trustee having advanced no viable theory of recovery, in accordance with the stipulation of the parties this Court will enter judgment for Tricon and against Maynard and American Druggists in the amount of $29,480.70 and for the Trustee and against Maynard in the amount of $519.30; dismiss the Trustee's claim against Tricon with prejudice; and dismiss Tricon's complaint as moot.